**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **REV. BARRY D. BILDER, pro se,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.  15-CV-325-TCK-PJC** |
| | ) | |
| **JUDGE LINDA G. MORRISSEY,** | ) | |
| **and BILL WILKINSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court are: (1) Defendant Bill Wilkinson's Motion to Dismiss Under Rules 12(b)(2) and 12(b)(5) (Doc. 8); and (2) Defendant Judge Morrissey's Motion to Dismiss Plaintiff's Complaint (Doc. 10).  The defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted.

**I.      Background**

In his pro se Complaint, Plaintiff Rev. Barry D. Bilder ("Plaintiff") alleges claims arising from a civil case in the District Court of Tulsa County, Oklahoma (the "Tulsa County action"). Plaintiff names as Defendants Judge Linda G. Morrissey ("Judge Morrissey"), the judge presiding over the Tulsa County action, and Bill Wilkinson, the attorney representing plaintiffs in the Tulsa County action.  Plaintiff claims the case before this Court is "independent"of the Tulsa County action because it "addresses only the Constitutional issues irregularities and an ethics violation that occurred before and during a court proceeding heard by [Judge Morrissey] on March 4, 2015." (Compl. ¶ 3.)  During this proceeding, Plaintiff contends Defendants deprived him of the use of a

clerical assistant, engaged in unethical ex parte communications, and improperly denied his request for a continuance.  Plaintiff alleges these actions give rise to 42 U.S.C. § 1983 claims under the Sixth, Ninth, and Fourteenth Amendments of the United States Constitution.  In his request for relief, Plaintiff asks the Court for money damages, an order directing Defendants to "cease and desist the unethical practice of ex parte communications," permit Plaintiff to use a clerical assistant during proceedings before the Tulsa County court, and consider sanctions regarding the alleged ethical violations.  (Compl. ¶¶ 25-31.)

## II.     Discussion

### A.      Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted.  The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007)).  In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 550 U.S. at 569).  Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248. In addition, the Tenth Circuit has stated that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Id.*

### B.    Discussion

Plaintiff alleges his constitutional rights were violated as a result of a proceeding in the Tulsa County action. Although § 1983 provides a cause of action against state actors for violation of constitutional rights, *Becker v. Kroll*, 494 F.3d 904, 913 (10th Cir. 2007), Plaintiff's allegations do not support a finding that Defendants violated Plaintiff's constitutional rights. Plaintiff's allegations against Judge Morrissey relate to action taken by her during the Tulsa County action. Judge Morrissey has absolute judicial immunity from § 1983 liability when performing judicial functions. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Additionally, Plaintiff has not alleged that Wilkinson is a state actor. Accordingly, Plaintiff has not alleged plausible claim against Defendants.

### III.    Conclusion

It is therefore ordered that Plaintiffs' claims are dismissed for failure to state a claim upon which relief can be granted. Defendant Bill Wilkinson's Motion to Dismiss (Doc. 8) and Defendant

3

Judge Morrissey's Motion to Dismiss Plaintiff's Complaint (Doc. 10) are granted.  The Motions to Strike Plaintiff's Joint Status Report filed by Judge Morrissey and Wilkinson (Docs. 29, 31) are denied as moot.

**SO ORDERED this 30th day of December, 2015.**

**TERENCE C. KERN
UNITED STATES DISTRICT JUDGE**