**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **REV. BARRY D. BILDER, pro se,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 15-CV-325-TCK-PJC |
| ) | |
| **JUDGE LINDA G. MORRISSEY,** ) | |
| **and BILL WILKINSON,** ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff Rev. Barry D. Bilder's Motion for Reconsideration (Doc. 37), wherein Plaintiff moves for reconsideration of the Court's Opinion and Order dated December 30, 2015 (Doc. 35) ("December 30, 2015 Order"), which granted Defendants' motions to dismiss.

**I.      Background**

In his pro se Complaint, Plaintiff Rev. Barry D. Bilder ("Plaintiff") alleges claims arising from a civil case in the District Court of Tulsa County, Oklahoma (the "Tulsa County action"). Plaintiff names as Defendants Judge Linda G. Morrissey ("Judge Morrissey"), the judge presiding over the Tulsa County action, and Bill Wilkinson, the attorney representing plaintiffs in the Tulsa County action. Plaintiff claims the case before this Court is "independent"of the Tulsa County action because it "addresses only the Constitutional issues irregularities and an ethics violation that occurred before and during a court proceeding heard by [Judge Morrissey] on March 4, 2015." (Compl. ¶ 3.) During this proceeding, Plaintiff contends Defendants deprived him of the use of a clerical assistant, engaged in unethical ex parte communications, and improperly denied his request for a continuance. Plaintiff alleges these actions give rise to 42 U.S.C. § 1983 claims under the Sixth, Ninth, and Fourteenth Amendments of the United States Constitution. In his request for

relief, Plaintiff asks the Court for money damages, an order directing Defendants to "cease and desist the unethical practice of ex parte communications," permit Plaintiff to use a clerical assistant during proceedings before the Tulsa County court, and consider sanctions regarding the alleged ethical violations. (Compl. ¶¶ 25-31.)

In the December 30, 2015 Order, the Court dismissed Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), finding that Plaintiff failed to establish the plausibility of his claims as required by *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 569 (2007).

## II.     Discussion

Plaintiff now moves the Court to reconsider the December 30, 2015 Order. Generally, the Federal Rules of Civil Procedure do not recognize motions for reconsideration. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, Rule 60(b) permits the Court to "relieve a party from a final judgment, order, or proceeding" in certain circumstances. Relief under Rule 60(b) should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Revisiting issues previously considered by the Court is not the purpose of a motion to reconsider. *See Van Skiver*, 952 F.2d at 1243.

In his Motion for Reconsideration, Plaintiff does not argue that relief is warranted under any of the grounds enumerated above. Instead, Plaintiff merely reurges the arguments already made in response to Defendants' motions to dismiss. Plaintiff focuses on the facts of his case – namely, the "unethical" denial of his use of a clerical assistant – and seems to believe that, by granting Defendants' motions to dismiss, the Court somehow found his allegations to be untrue. This is not

2

the case. The *Twombly* plausibility standard requires the Court to accept the allegations pled by Plaintiff as true. *See Twombly*, 550 U.S. at 555 ("A Court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff."). However, even though the Court accepts Plaintiff's allegations as true, Plaintiff still must allege "sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In the December 30, 2015 Order, the Court found that the facts alleged by Plaintiff were not sufficient to support his claims under 42 U.S.C. § 1983. Specifically, the Court held that Plaintiff's allegations did not support a plausible claim for relief because Judge Morrissey has absolute judicial immunity from actions under § 1983 when performing judicial functions and because Plaintiff did not allege that Wilkinson was a state actor. In his Motion for Reconsideration, Plaintiff argues for the first time that Wilkinson is a state actor because he is "licensed by the State of Oklahoma, and subject to the OBA's (Oklahoma Bar Ass'n) Oklahoma Rules of Professional Conduct." (Pl.'s Mot. 2.) Wilkinson's licensure by the Oklahoma Bar Association does not make him a state actor. *Ames v. Miller*, 247 F. App'x 131, 134 (10th Cir. 2007) (unpublished) (finding that "lawyers are not state actors" for purposes of § 1983 claims); *Hamdeh v. Lehecka*, No. 14-1184-EFM-KMH, 2014 WL 5390568, at *2 (D. Kan. Oct. 23, 2014)("The United States Supreme Court has clarified that 'a lawyer . . . is not, by virtue of being an officer of the court, a state actor . . . within the meaning of § 1983.'") (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)).

The Court finds Plaintiff has failed to demonstrate any basis for relief under Rule 60(b). Accordingly, Plaintiff's Motion for Reconsideration is denied.

### III. Conclusion

Plaintiff's Motion for Reconsideration (Doc. 37) is DENIED.

**SO ORDERED this 21st day of March, 2016.**

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE